UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 24-cr-00474-LLA |
| v. : | |
| : | |
| EHREN FLUELLYN, : | |
| : | |
| Defendant. : | |

**UNITED STATES' MEMORANDUM IN AID OF SENTENCING**

The United States, by and through the undersigned counsel, respectfully submits this Memorandum in Aid of Sentencing for Ehren Fluellyn. As described herein, the Defendant is being sentenced on one count of violating 18 U.S.C. § 242 (Deprivation of Rights). A review of the record and the Defendant's criminal history confirms that the Defendant's violent conduct on April 12, 2023, in Washington, D.C. was unjustified, not an aberration and warrants a period of incarceration.

In the Indictment filed on October 23, 2024, the Defendant was charged with one count deprivation of constitutional rights in violation of 18 U.S.C. § 1343. See ECF 1. The Defendant pled guilty on March 10, 2025, to Count One of the Indictment. The parties anticipated that the final offense level would be 13, resulting in a guideline range of 12 to 18 months of imprisonment. Plea Agreement at ¶ 5(A)-(D)(ECF 14). As part of the plea agreement, the United States agreed to cap its allocution at the bottom of the Sentencing Guidelines range as calculated by the Court at the time of sentencing. Plea Agreement at ¶ 6. Based on the foregoing, and assuming the Court accepts the guidelines calculation now finalized by the United States Probation Office, the government respectfully requests that the Court sentence the Defendant to a period of 12 months of incarceration, and three years of supervised release.

## THE DEFENDANT'S VIOLENT CONDUCT

On April 12, 2023, the Defendant, Ehren Fluellyn, was employed as a Special Police Officer for Capital City Protective Solutions, LLC., and he was licensed by the District of Columbia to carry out law enforcement activities. On April 12, 2023, Mr. Fluellyn was assigned to and working as a Special Police Officer at the Community Partnership Men's Low Barrier Shelter in the District of Columbia. SPO Fluellyn was providing security and law enforcement at the rear entrance of the shelter at approximately 5:00 p.m. At that time, the victim, A.R. was observed outside the shelter causing a disturbance with other individuals waiting to be admitted to the shelter. According to SPO Fluellyn's partner, they asked A.R. to leave the area.

A.R. became angry and, as he was leaving the entrance area, broke the windshield on a vehicle parked nearby. The vehicle was owned by SPO Fluellyn's mother. SPO Fluellyn and his partner then ran toward A.R. The Defendant's partner reached A.R. first and stopped the victim. As A.R. slowly stepped backward, SPO Fluellyn ran up and punched A.R. in the head and knocked him to the ground. A.R. was non-combative and stayed on the ground as SPO Fluellyn continued to punch and kick A.R. several times. It only stopped when SPO Fluellyn's partner intervened and stopped the beating. The Defendant and his partner then arrested the victim and A.R. was charged with destruction of property.

The SPO's punches and kicks to A.R.'s body were unnecessary and not justified, and they clearly were not made in self-defense. They were intentional and willful, and designed to inflict punishment in the form of pain. The beating served no legitimate law enforcement purpose and violated A.R.'s constitutional right. A.R. experienced bodily injury because of Fluellyn's conduct in the form of physical pain resulting from the punches and kicks.

I.     **SENTENCING GUIDELINES**

      **Part A: The Guidelines Calculation for the Offense**

In the plea agreement, the parties estimated that the Defendant's offense level was 16 and that after application of a three-point reduction for acceptance of responsibility, the Estimated Offense Level would be at least 13. *See* Plea Agreement at ¶ 4(A)-(C) ECF 22  Specifically, the parties estimated that the following is the Guidelines calculation:

| | | |
|---|---|---|
| U.S.S.G. § 2H1.1(a)(3) | Base Offense Level | 10 |
| U.S.S.G. § 2H1.1(b)(1)(B) | Under Color of Law | <u>6</u> |
| | **Offense Level** | **16** |
| U.S.S.G. § 3E1.1(a) | Acceptance of responsibility | <u>-3</u> |
| | **Final Offense Level** | **13** |

      **B.  Defendant's Criminal History Score**

The estimate in the plea agreement is consistent with the final draft of the PSI.  Indeed, the United States also agrees with the PSI's guideline calculation that the Defendant does not have any scorable convictions and, therefore, has a criminal history score of I.

      **C.  Adjustment for Zero Point Offender**

The Defendant's criminal history score should not be adjusted because the instant offense is covered by U.S.S.G. § 2H1.1.  *See* U.S.S.G. § 4C1.1(a)(8).

      **D.  Applicable Guideline Range**

The guideline range for a defendant with an offense level of 13 and a criminal history score of I is 12 to 18 months of incarceration.

      **E.  United States' Recommendation**

The United States recommends, for the reason set forth below, that the Defendant be

sentenced to a period of 12 months of incarceration.

## II. THE 18 U.S.C. § 3553(a) FACTORS

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court held that the Sentencing Guidelines are no longer mandatory. However, the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions" and "should be the starting point and the initial benchmark" in determining a defendant's sentence. *United States v. Gall*, 552 U.S. 38, 46, 49 (2007). Accordingly, this Court "should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Id.* at 49.

The Court should consider all the applicable factors set forth in 18 U.S.C. § 3553(a). *Id.* at 49-50. The Guidelines themselves are designed to calculate sentences in a way that implements the considerations relevant to sentencing as articulated in § 3553(a). *United States v. Rita*, 551 U.S. 338, 347-351 (2007). The § 3553(a) factors include, *inter alia*: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant; (4) the need to avoid unwarranted sentence disparities; and (5) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a)(1)-(7).

### A. The Nature and Circumstances of the Offenses and the Need for the Sentence to Reflect the Seriousness of the Offenses

The Defendant's conduct was egregious for several reasons. First and foremost, as a member of law enforcement, the Defendant was vested with a great deal of trust. The betrayal of that trust warrants a period of incarceration. Second, it was utterly unnecessary for the Defendant to use any force. While the property damaged by A.R. belonged to the Defendant's mother, the victim had been sufficiently stopped by the Defendant's partner and presented absolutely no danger to anyone. For context, the Defendant's partner was significantly smaller than either man, and the victim was not resisting. The Defendant abused his position and opted to inflict pain as punishment for a broken windshield. Third, there was enough time for the Defendant to control his emotions both before and during the assault. Indeed, the Defendant made multiple strikes and kicks as the victim was prone on the ground. The Defendant walked away for a moment and then returned to inflict more punishment.

### B.  The Need to Promote Respect for the Law and to Deter the Defendant and Others from This Type of Criminal Conduct

A sentence of imprisonment here is necessary for both specific deterrence and general deterrence. The community must be made aware that it is unacceptable to engage in violence as a form of retribution for property damage. The principle is even more compelling when the aggressor is a member of law enforcement.

### C.  The History and Characteristics of the Defendant

The Defendant was thirty-five years old at the time of this offense. He has been arrested nine times as an adult. The arrests include violent offenses, firearms, narcotics, and property offenses. It appears that the arrests have not resulted in a conviction. Thus, in addition to being entrusted with the power of law enforcement, the Defendant was an adult who is familiar with the

criminal justice system. He was not an unknowing youth who made a mistake. The Defendant was an adult who opted to beat and kick a homeless man.

### D. Unwarranted Sentencing Disparities

The District of Columbia Circuit has recognized that there will "inevitably . . . [be] sentencing disparities and inequities that can be explained by little more than the identities of the sentencing judges." *United States v. Gardellini*, 545 F.3d 1089, 1096 (D.C. Cir. 2008); *see also United States v. Saez*, 444 F.3d 15, 19 (1st Cir. 2006) ("[W]ith different judges sentencing two defendants quite differently, there is no more reason to think that the first one was right than the second."). The Guidelines "reduce unwarranted federal sentencing disparities," *Freeman v. United States*, 564 U.S. 522, 525 (2011), by "creat[ing] a comprehensive sentencing scheme in which those who commit crimes of similar severity under similar conditions receive similar sentences." *Id.* at 533. A sentencing court "necessarily g[ives] significant weight and consideration to the need to avoid unwarranted disparities" by "correctly calculat[ing] and carefully review[ing] the Guidelines range." *Gall v. United States*, 552 U.S. 38, 54 (2007). "[I]mposing a within-guidelines sentence is the surest way to avoid unwarranted disparities." *United States v. White*, 737 F.3d 1121, 1145 (7th Cir. 2013). The United States' recommendation is consistent with the recommendation in the PSI.

### III. RESTITUTION AND FORFEITURE

#### A. Restitution

Restitution is mandatory under 18 U.S.C. § 3663A. *See, e.g., United States v. Dickerson*, 370 F.3d 1330, 1335-36 (11th Cir. 2004) ("The MVRA obligates district courts to order restitution in certain cases, including wire fraud."); *United States v. Polichemi*, 219 F.3d 698, 707, 714 (7th

Cir. 2000) ("[T]he court must follow the provisions of the Mandatory Victim Restitution Act of 1996 . . . because Olson was convicted of an offense of property [money laundering under § 1957] as described in § 3663A(c)(1)(A)(ii)."). The United States is not aware of any restitution that should be ordered by the Court.

### B. Forfeiture

A consent order of forfeiture was not submitted at the time of the plea.

### SPECIAL CONDITIONS OF THE SENTENCE AND SUPERVISED RELEASE:

The government agrees with the special conditions proposed by the United States Probation Office in the PSI.

**CONCLUSION**

The United States respectfully submits that a sentence of 12 months of incarceration and three years of supervised release is an appropriate and fair sentence considering the offense conduct, the need for specific and general deterrence, and the history and characteristics of the Defendant.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:     /s/ *Michael T. Truscott*
           MICHAEL T. TRUSCOTT
           D.C. Bar No. 1685577
           Assistant United States Attorney
           Fraud, Public Corruption, and Civil Rights Section
           601 D Street, NW, Room 5.1513
           Washington, DC 20530
           (202) 252-7223
           Michael.truscott2@usdoj.gov