UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL NO. 1:2024-cr-00474-LLA** |
| v. | : | |
| | : | |
| **EHREN FLUELLYN** | : | |
| | : | |
| **Defendant.** | : | |

## UNITED STATES' OPPOSITION TO INTERMITTENT INCARCERATION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this memorandum in opposition to the Defendant's request that he be permitted to serve the incarceration portion of his sentence on an intermittent basis. In support of this opposition, the United States submits the following:

On October 23, 2024, the Defendant was originally indicted on one count of Deprivation of Rights Under Color of Law under 18 U.S.C. § 242 (ECF 1). The parties entered into a plea agreement on January 24, 2025, in which the defendant pled guilty to one count of Deprivation of Rights Under Color of Law (ECF 14). A sentencing hearing was conducted on July 30, 2025, and the Defendant was sentenced, *inter alia*, to 90 days of incarceration and nine months of home detention. After the Court handed down the afore-mentioned sentence and the Court rejected a request for the sentence to be served on weekends, the Defendant followed that up and requested he be permitted to serve the 90-day period of incarceration on an intermittent basis. The United States opposed this request, and the Court directed the parties to file supplemental briefing on whether intermittent incarceration was warranted here. *See* Minute Order, entered on the docket on July 31, 2025. For the following reasons, the United States requests that the Defendant be ordered to undergo a straight 90-day period of incarceration.

Administrative Expenses

The administrative costs and resources that would necessarily be incurred at the jail weigh in favor of a straight period of incarceration. If the Defendant is permitted to serve his serve his sentence on an intermittent basis, it will require the jail to repeat the intake process several times. Indeed, this will require personnel jail to process the Defendant multiple times when they could and should be focused on other prisoners. While the period of intermittent incarceration has not been disclosed, these procedures will also need to be repeated each time the Defendant is released from the jail. The Defendant's request could also affect the housing of other prisoners because of security concerns each time they have to assign the Defendant. In contrast, a period of straight incarceration will only require the jail personnel to go through all the procedures only once for the intake process and then the Defendant's release from the jail.

Moreover, unlike the period of home detention ordered as part of the sentence, the Defendant will not be required to required to wear a GPS or similar device during the intermittent, multiple periods he is not at the jail. That is non-sensical. To change that anomaly, the Court would have to order intermittent installation of such a device. This would further compound the administrative problems for the jail because prisoners may not wear GPS inside of the jail. It would also burden the United States Probation Office through multiple instances of attaching the device and intermittent periods of supervision.

Nature of the Offense

The serious nature of the Defendant's conduct here warrants a significant period to punish the Defendant. Without repeating all the facts that the Court took into consideration in reaching its sentence, it bears mentioning that the Defendant beat and kicked a defenseless,

homeless person. The Defendant should spend the Court's imposed period incarcerated even if it inconveniences and causes him some hardship. A short period of time when it is convenient for the Defendant does not reflect the seriousness of the Defendant's conduct.

### Additional Benefit

The Defendant has already received a tremendous benefit by the plea agreement and the Court's variance in this matter. The Defendant should not be permitted to further avoid the consequences of his actions.

### Intermittent Basis

There does not appear to be a provision within the guidelines providing for a defendant to serve on an initial period of incarceration on intermittent basis to be followed by supervised release. The guidelines contemplated the use of intermittent incarceration only in the context of probation or supervised release. *See generally* U.S.S.G. § 5F1.8. Likewise, there is nothing in U.S.S.G. § 5C1.1. The undersigned was unable to find a case where a court granted such a request with respect to an initial period of incarceration.

While it is commendable that the Defendant is employed part-time at the Home Depot in Annapolis, that alone does not warrant intermittent incarceration. Respectfully, there is nothing unique about this position. It is a part-time job as a cashier with a large company. The fact that the Defendant withheld from his employer the fact that he is a party to this case does not warrant intermittent sentencing. The Defendant's involvement has finally come to his employer's attention; but the judicial system should not be a party to this subterfuge by changing its sentencing scheme. Finally, granting the request here could create the impression that only the unemployed segments of our community will be required to serve straight time.

For the foregoing reasons, the United States respectfully requests that the Defendant's

request for intermittent incarceration.

                        Respectfully submitted,

                        JEANIE FERRIS PIRRO
                        UNITED STATES ATTORNEY

By:    /s/ MICHAEL T. TRUSCOTT
        MICHAEL T. TRUSCOTT
        Assistant United States Attorney
        D.C. Bar No.   1685533
        601 D Street, N.W.,
        Washington, D.C. 20530
        202-252-7223
        Michael.truscott2@usdoj.gov